# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **DYNASSUS NUAL BUGGS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. 7:11-cv-03682-RDP-RRA** |
| | ) |
| **BRAD ALMOND, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OF OPINION

The Magistrate Judge filed a Report and Recommendation on July 5, 2012, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. Plaintiff filed objections to the Report and Recommendation on July 18, 2012.

In his objections, Plaintiff states that the state criminal case in which he was detained was concluded on May 3, 2011 when Judge Almond found him not guilty by reason of mental disease or defect. Plaintiff essentially repeats the claims made in his original complaint, challenging the legality of his detainment and the conditions of his confinement prior to that determination. However, Judge Charles R. Malone, Judge Brad Almond, and Judge John H. England, Jr. are shielded by absolute judicial immunity and Deputy District Attorney Daniel Prewitt by prosecutorial immunity. Further, Plaintiff has failed to show the requisite prejudice to support a denial of access to the court's claim against Defendant Taylor. As for the claims against Defendant Sexton, Plaintiff has failed to allege facts sufficient to state a claim against him for false imprisonment. While it is clear that continued detention of a prisoner in the face of facts which show that he is entitled to

release may result in a Fourteenth Amendment violation, Plaintiff has not shown that he was entitled to release; indeed, in his initial complaint, he conceded that he was held on the order of Judges Almond and England pending evaluations of his sanity and competence at the time of the offense. To the extent Plaintiff complains he did not receive psychiatric treatment for a mental illness during his incarceration, he does not allege that he was suffering symptoms which required such treatment, or that he requested medical care of any type — physical or psychological — and was denied an evaluation to determine such need by Defendant Sexton. Finally, Plaintiff's request for release must be presented in a petition for writ of *habeas corpus.* No such petition has been filed.

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court is of the opinion that the Magistrate Judge's Report is due to be and is hereby **ADOPTED** and the Recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted, and all pending motions (Docs. #28, 29, 30, 32, 33) are due to be denied as they are moot. An appropriate order will be entered.

**DONE** and **ORDERED** this ___10th___ day of September, 2012.

                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE